**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VIKING INSURANCE COMPANY OF WISCONSIN** ) | CASE NO. 2:21-cv-512 |
| P.O. Box 8042 ) | JUDGE |
| Stevens Point, WI 54481-8021 ) | |
| ) | MAGISTRATE JUDGE |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT FOR** |
| **GARY L. JAMES** ) | **DECLARATORY JUDGMENT** |
| 2263 Bellevue Avenue ) | |
| Columbus, Ohio 43207 ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Viking Insurance Company of Wisconsin, (hereinafter "Viking"), for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and Civ.R. 57, states as follows:

1. Viking is an insurance company authorized to issue policies of insurance and financial responsibility bonds and otherwise conduct a business of insurance in the state of Ohio.

2. Viking was incorporated in the state of Wisconsin and has its principal place of business in the state of Wisconsin.

3. Defendant, Gary L. James, a single person, was a resident of Franklin County, Ohio at the time of the incident described herein.

4. Defendant has asserted a claim against Viking for underinsured motorist coverage as a result of personal injuries he sustained in a motor vehicle accident that occurred in Franklin County, Ohio on August 26, 2020 at 3:07 p.m. EDT.

5. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue lies in this forum pursuant to 28 U.S.C. §1391(b) and S.D. Civ. R. 82.1(b) because the claim arose in Franklin County, Ohio.

7. On the date of the aforementioned loss, defendant Gary L. James submitted an electronic application for motorcycle insurance through DocuSign to be underwritten by plaintiff Viking Insurance Company of Wisconsin.

8. The aforementioned application for insurance was electronically completed and signed on August 26, 2020 at 4:19:33 PM CDT and the effective date and time for the policy was August 26, 2020 at 4:18 PM CDT, which was over two hours after plaintiff's accident.

9. Since the Viking policy of insurance incepted after plaintiff's accident, it does not provide coverage for his claimed damages and does not provide underinsured motorist coverage for the accident that occurred on August 26, 2020 at 3:07 p.m. EDT.

10. Viking brings this claim against defendant pursuant to 28 U.S.C. 2201(a) and Civ.R. 57 for a judgment declaring that Viking Policy No. 11406438372 issued to Gary L. James after the subject accident, does not cover any losses or damages sustained by defendant arising from the accident that occurred on August 26, 2020. A true and accurate copy of the Insurance Application for Viking Policy No. 11406438372, with redactions of sensitive personal information, is attached hereto as Exhibit "1."

11. Pursuant to the clear and unambiguous language of the Insurance Application any and all insurance coverage for the claims presented by or on behalf of

defendant is excluded from coverage because defendant did not first begin the application process or sign the application until after the accident for which he seeks coverage occurred.

12. Viking regularly and systematically conducts business activities in many counties in Ohio, including Franklin County, Ohio.

13. In pertinent part, the Insurance Application described herein and electronically signed by defendant bears the DocuSign Envelope ID No. 49A2DDE8-9CB8-458F-8350-4F556673B167, and contains the following language:

**Insurance Application**  **Policy Number: 11406438372**   *Dairyland*
**Viking Insurance Company of**  **Effective Date: 08/26/2020**
**Wisconsin**  **04:18 PM Central Time per Stevens Point, WI**

                          **My.DairylandInsurance.com**

**Named Insured Confirmation**

I understand and agree this application is a part of the policy.

I understand and agree this policy does not take effect until the effective date and time listed on this application.

I hereby apply to the company for a policy of insurance. The above facts are true and complete. I understand this policy is to be issued in reliance upon these facts being true.

8/26/2020 | 4:19 PM CDT         DocuSigned by:
Date Signed   Time Signed         */s/ Gary L. James*
                                        Named Insured's Signature

14. As a result of the foregoing language of the policy application, and defendant's agreement that the policy did not take effect until the effective date and time listed on the application, the policy did not incept until after the loss and any losses or damages sustained by defendant as a result of the August 26, 2020 accident described above are not covered by Viking Policy No. 11406438372 and Viking is not required to indemnify Gary L. James for any claim that arises from the August 26, 2020 accident.

15. There is a genuine controversy between Viking and defendant as to the rights and obligations of said parties under the Viking Policy, and Viking is entitled to a determination construing the provisions of the Policy and declaring the rights and duties, if any, of Viking in relation to any claims arising from the accident of August 26, 2020.

**WHEREFORE**, Viking Insurance Company of Wisconsin demands judgment against defendant as follows:

(1) Determining and declaring that, as a result of the foregoing terms set forth in the Policy Application, and conditions or other applicable provisions not explicitly set forth herein, Viking is not obligated to indemnify defendant for any damages or other claims asserted by defendant as a result of the aforementioned August 26, 2020 accident;

(2) For such other relief as the Court deems appropriate; and

(3) The costs and expenses of this action.

Respectfully submitted,

*Edwin J. Hollern*

**EDWIN J. HOLLERN (0040534)**
HOLLERN & ASSOCIATES
522 N. State Street – Suite A
Westerville, Ohio 43082-9002
(614) 839-5700; 839-4200 (Fax)
ehollern@ejhlaw.com

Trial Attorney for Plaintiff
Viking Insurance Company of Wisconsin